Robert BUCHAKIAN, Appellant,

v.

MUSIKAHN CORP. and Jack Kahn Music Co., Inc., Appellee-Debtors.

86 CV 2802.

United States District Court, E.D. New York.

Nov. 14, 1986.

Berkman, Henoch, Peterson, Kadin & Peddy by Alfred M. Dimino, Garden City, for Buchakian.

Certilman, Haft, Lebow, Balin, Buckley & Kremer by John J. Preefer, New York City, for debtors.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Robert Buchakian, a creditor and landlord of the debtor Musikahn Corporation, appeals from an order of Bankruptcy Judge C. Albert Parente allowing debtor to assume its lease, pursuant to 11 U.S.C. § 365, for premises owned by Buchakian.

Neither party has submitted papers to this Court, beyond the record on appeal. Buchakian's original affirmation in opposition to debtor's motion to assume the lease and his Designation of Record and Statement of Issues indicate two grounds for appeal: (1) failure of debtor timely to notice its motion to assume the lease; and (2) failure of debtor to provide adequate assurances of future performance as required by 11 U.S.C. § 365(b)(1)(C).

■ It is undisputed that the debtor served its motion papers by mail nine days before the hearing. *See* Transcript of July 3, 1986, Proceedings on Debtor's Motion to Assume Lease (hereinafter "Tr."), at 3. Rule 23 of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York ("Local Rule 23") requires ten days notice, plus three days if service is by mail. Thus, the debtor should have mailed its papers thirteen days before the hearing date.

Despite debtor's failure to comply with Local Rule 23, Buchakian responded to the merits of debtor's motion by filing an affirmation in opposition and appeared at the hearing. Tr. at 2 & 4. At the debtor's request at the hearing, the Bankruptcy Judge excused the four-day defect in service and proceeded to the merits of the motion. Tr. at 3–4. Buchakian argues that the debtor's failure to comply strictly with the ten-day requirement of Local Rule 23 violates Bankruptcy Rule 9014. Bankruptcy Rule 9014, which Bankruptcy Rule 6006(a) makes applicable to proceedings to assume a lease, requires that reasonable notice and opportunity to be heard be afforded a party against whom relief is sought.

Buchakian has utterly failed to demonstrate why the four-day defect in service has prejudiced his opportunity to be heard. Buchakian responded to the motion and appeared at the hearing. Accordingly, we hold that the Bankruptcy Judge did not err in excusing the defect in service.

■ Buchakian also asserts that the debtor failed to provide adequate assurances of future performance, a prerequisite to assuming a lease, under 11 U.S.C. § 365(b)(1)(C). The Bankruptcy Judge's conclusion that the debtor provided adequate assurances of future performance is a determination of fact to which Bankruptcy Rule 8013 applies and which, therefore, will not be reversed unless arbitrary, capricious or otherwise clearly erroneous. *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1307–08 (5th Cir.1985). After testimony at the hearing, Judge Parente concluded that the projected proceeds from sales at debtor's store at the leased premises would be sufficient to pay the rent and that earmarking the proceeds to pay the rent before going into the general corporate coffers would provide adequate assurance of future performance. Tr. at 17–18. A review of the record on appeal satisfies this Court that Judge Parente's finding is not arbitrary, capricious or otherwise clearly erroneous.

Accordingly, the order of the Bankruptcy Court is affirmed.

SO ORDERED.